UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

FILED
DEC 31 2014 DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

CRAIG CUNNINGHAM, Pro-se )
)
*Plaintiff* )
) CIVIL ACTION NO
v. )
)
Navient and SLM Corporation )

*Defendants.*

## Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Navient Solutions Inc. is a Delaware corporation and can be served via registered agent at Corporation Service Company 2711 Centerville Rd., Ste 400, Wilmington DE 19808.

3. SLM Corporation is a student loan servicer operating from 300 Continental Drive, Newark, DE 19713 and can be served at the above address.

### Jurisdiction

4. Jurisdiction of this court arises as the acts happened in this county.

5. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

### FACTUAL ALLEGATIONS

6. In 2014, the Plaintiff received multiple debt collection phone calls to the Plaintiff's cell phone which connected the Plaintiff to an agent from Navient. The calls were automated and were not for any emergency purpose. The Plaintiff had never given his consent to be called using an automated telephone dialing system or pre-recorded message from Navient.

7. The Plaintiff called was told that the agent was calling for Brandon Callier. The Plaintiff's cell phone has never been owned or used by Brandon Callier at any point. The Plaintiff was never asked any location identification information regarding Brandon Callier.

8. The agents stated they were calling about Brandon's student loans. They confirmed that Brandon was delinquent and they were calling in an attempt to collect on them.

9. The agents confirmed they were calling using an automated telephone dialing system as when the Plaintiff informed them that they had the wrong number, they stated that they could not remove the Plaintiff's known incorrect number from their dialer system and instructed the Plaintiff to call another number they provided to have his number removed.

10. Multiple phone calls continued with a fairly predictable pattern of the Plaintiff informing them that they had the wrong number and the agents telling him they couldn't remove it from their dialer system, and then calling about twice per week.

11. This is just one of many harassing debt collection calls the Plaintiff has received,

and the Plaintiff has not been able to ascertain where this erroneous information is coming from, and as the debt collectors are just content to knowingly call what could be wrong numbers, the Plaintiff is therefore subjected to multiple harassing phone calls.

12. The Plaintiff, although not required to, did once call the other phone number the agents mentioned and it connected to an agent of Sallie Mae, which now is a separate entity, as one half deals with private student loans and the other deals with government loans. The agent wasn't much help and stated that the Plaintiff must have a private student loan and then transferred the Plaintiff back to Navient.

13. The interesting thing, is that the Plaintiff never had a student loan with either Navient or Sallie Mae. In short, the Plaintiff never gave Navient his phone number as Brandon's number or in any way, and Brandon never gave Navient or Sallie Mae the Plaintiff's number to call.

14. Of note, Sallie Mae is no stranger to TCPA violations. They paid over $24 million dollars to settle a lawsuit in 2012 about automated debt collection calls, and despite that, they still haven't learned their lesson and continued to knowingly make calls to the wrong number.[1] Instead of enabling their agents to remove incorrect numbers, or scrubbing their databases for incorrect information, or just not using an automated dialer, they continued to regularly call the Plaintiff hoping the Plaintiff would turn into Brandon Callier.

## COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

---

[1] Mark A. Arthur, et al. v. Sallie Mae Inc., No. 10-0198, W.D. Wash.

15. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls to the Plaintiff's Cell phone.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $1500 for each phone call

C. Pre-judgment interest from the date of the phone calls.

D. Punitive damages for all claims in the amount of $250,000

E. Attorney's fees for bringing this action as incurred; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

828-291-7465

December 31st 2014